IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>JESUS AMADO VARGAS CORRALES,<br><br>     Defendant. | 8:24-CR-195<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

   This matter is before the Court on the Government's Motion for Preliminary Order of Forfeiture. Filing 166. On August 11, 2025, the defendant pleaded guilty to Count I of the Superseding Indictment and admitted to the Forfeiture Allegation contained in the Superseding Indictment. Filing 123 (Text Minute Entry); Filing 143 at 18. The defendant's plea agreement provided that he agreed to admit to the forfeiture of United States currency in the amount of $4,000 seized on November 19, 2024, from the residence of 629 W. Sherman Street, West Point, NE, and United States currency in the amount of $1,832 seized on November 19, 2024, from the possession of Jonathan Vargas Pedroza, a codefendant in this case. Filing 129. During the defendant's change of plea hearing, Magistrate Judge Nelson asked the defendant whether he agreed that both amounts of currency were "used one way or another with respect to the crime alleged against [the defendant] or [were] otherwise proceeds from this crime." Filing 143 at 18. The defendant responded, "Yes." Filing 143 at 18. The defendant also responded "Yes," to Judge Nelson's question, "Do you admit to the forfeiture allegation?" Filing 143 at 18. Magistrate Judge Nelson found that the defendant's admission was made willingly, voluntarily, and knowingly. Filing 143 at 18.

1

Along with the two amounts of currency identified in the defendant's plea agreement and referenced during the defendant's change of plea hearing, the Forfeiture Allegation of the Superseding Indictment lists three other items of property to be forfeited: United States currency in the amount of $650 seized on December 18, 2024, from the Omaha residence of codefendant Jose Gonzalez-Perez; United States currency in the amount of $4,103 seized on December 20, 2024, from the possession of codefendant Victor R. Ramos; and a black 2017 Hyundai Santa Fe Hybrid seized on December 20, 2024, from the possession of Victor R. Ramos. Filing 41 at 5 (subsections 2.c. through 2.e.). Apart from the defendant's affirmative response to Judge Nelson's general question asking the defendant whether he admitted to the forfeiture allegation, the defendant did not make any admissions regarding the items listed in subsections 2.c. through 2.e. of the Forfeiture Allegation. *See generally* Filing 143; Filing 129. The Government did not move for a preliminary order of forfeiture prior to sentencing, and no such order was entered.

At sentencing, the defendant admitted that he has no claim or interest in the property listed in subsections 2.c. through 2.e. of the Forfeiture Allegation of the Superseding Indictment. Following this admission, the Government stated that it would be filing a motion for a preliminary order of forfeiture. The Court found that it would have been impractical to enter a preliminary order of forfeiture prior to sentencing because the defendant had not yet admitted that he has no claim or interest in the property listed in subsections 2.c. through 2.e. of the Forfeiture Allegation. *See* Fed. R. Crim. P. 32.2(b)(2)(B). Now that the defendant has made that admission, and now that the Government seeks a preliminary order of forfeiture, the Court will enter a preliminary order of forfeiture. Thus, having reviewed the record in this case and being duly advised in the premises, the Court finds as follows:

2

1. On August 11, 2025, the Court held a change of plea hearing, and the defendant entered a plea of guilty to Count I of the Superseding Indictment and admitted to the forfeiture of $4,000.00 in United States currency and $1,832.00 in United States currency. Filing 123 (Text Minute Entry); Filing 129. The Court subsequently accepted the defendant's plea of guilty. Filing 145.

2. On November 5, 2025, at the defendant's sentencing hearing, the defendant further admitted that he has no claim to or ownership right in the remainder of the property listed in the Forfeiture Allegation of the Superseding Indictment.

3. Count I of the Superseding Indictment charged the defendant with violating 21 U.S.C. §§ 841(a)(1) and (b)(1).

4. The Forfeiture Allegation sought forfeiture, pursuant to 21 U.S.C. § 853, of $4,000.00 in United States currency; $1,832.00 in United States currency; $650.00 in United States currency; $4,103.00 in United States currency; and a black 2017 Hyundai Santa Fe Hybrid, as property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

5. By virtue of the defendant's guilty plea and admissions, the defendant forfeits his interest in the $4,000.00 in United States currency; $1,832.00 in United States currency; $650.00 in United States currency; $4,103.00 in United States currency; and a black 2017 Hyundai Santa Fe Hybrid (collectively, the property). The Government is entitled to possession of any interest the defendant has in the property, pursuant to 21 U.S.C. § 853.

6. The Government's Motion for Preliminary Order of Forfeiture should be granted.

IT IS ORDERED:

1. The Government's Motion for Preliminary Order of Forfeiture, Filing 166, is granted.

2. Based upon the Forfeiture Allegation of the Superseding Indictment, Filing 41, and the defendant's guilty plea and admissions, the Government is hereby authorized to seize $4,000.00 in United States currency; $1,832.00 in United States currency; $650.00 in United States currency; $4,103.00 in United States currency; and a black 2017 Hyundai Santa Fe Hybrid (collectively, the property).

3. The defendant's interest in the property is hereby forfeited to the Government for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4. The property is to be held by the Government in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish for at least thirty consecutive days on an official internet Government forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture, notice of publication evidencing the Government's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a Petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. The published notice shall state that the Petition referred to in Paragraph 5, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest in the property and any additional facts supporting the Petitioner's claim and the relief sought.

7. The Government may also, to the extent practicable, provide direct written notice to any person known to have an interest in the property as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 6th day of November, 2025.

                                            BY THE COURT:

                                            Brian C. Buescher
                                            United States District Judge